15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dewey Calvin BAKER, Defendant-Appellant.
 Nos. 92-10700, 93-10007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Jan. 26, 1994.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and HUFF,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 After denial of his motion to suppress evidence, Dewey Calvin Baker pleaded guilty to armed bank robbery, armed post office robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm. Baker appeals the district court's refusal to suppress evidence that Baker alleges was obtained during an improper search. We affirm.
 
 BACKGROUND
 
 4
 While searching for a suspect in several bank robberies in the vicinity of San Jose, California, police officers showed photographs of the suspect to managers of area motels. The next day the manager of the Airport Plaza Motel called the police and reported that a man who looked like the suspect was staying at the motel. San Jose police responded to the motel immediately and interviewed the motel manager. She pointed out the vehicle in which the suspect had arrived and gave the police his room number. After knocking and obtaining the suspect's permission to enter, the police began questioning him. The suspect told police his name was John Baker; in fact he was Dewey Calvin Baker, the appellant here. During a warrants check, the police discovered an outstanding arrest warrant for John Baker. The officers noticed that Baker was sweating profusely and appeared to be under the influence of a controlled substance. They also noticed that he matched the description of the suspect in the bank robberies. For these reasons, they arrested him.
 
 
 5
 Baker consented to a search of the motel room and it produced the following items: a zippered container full of cash, some syringes, rolling papers, a brown tar-like substance believed to be marijuana, and the keys to the vehicle in the parking lot previously identified as Baker's by the motel manager.
 
 
 6
 Although he admitted driving the car to the motel, Baker withheld consent to search the vehicle, claiming he was not the owner. After Baker was transported downtown, however, one of the arresting officers visually inspected the vehicle, from the outside, and saw what he believed was the butt-plate of a gun tucked under the front seat. The officer determined that the vehicle matched the description of the "get-away" car used in at least one of the bank robberies. The officer did not believe he had probable cause to search the car, so he ordered it impounded. He called two tow trucks so that the vehicle could be transported to the impoundment lot without being entered.
 
 
 7
 Upon further questioning, Baker revealed his true identity. The police obtained what they took to be his consent and searched the car.[1] The search produced the following items: a nine-millimeter pistol and a loaded magazine, clothes and towels, some of which were stained with dye from exploding dye-packs used by banks, a syringe, and a briefcase that matched the one used in some of the robberies.
 
 
 8
 Baker moved to suppress this evidence, arguing, first, that the vehicle was improperly seized, and, second, that there was no valid consent for the search of the vehicle.
 
 ANALYSIS
 
 9
 We review de novo motions to suppress evidence. United States v. Mitchell, 812 F.2d 1250, 1253 (9th Cir.1987).
 
 
 10
 The record contains ample evidence of probable cause to search the vehicle. The vehicle matched the description of the "get-away" car. Baker was seen driving the car into the motel parking lot by the motel manager and, indeed, admitted to doing so. The keys to the vehicle were found in the motel room, the same motel room in which a bag of currency and apparent drugs were discovered. And Baker matched the description of the bank robber.[2] On the basis of these facts, we conclude that the officer had probable cause to seize or search the car.
 
 
 11
 An officer may conduct a warrantless search or seizure of a vehicle lawfully parked in a public place only if the officer has probable cause. United States v. Bagley, 772 F.2d 482, 491 (9th Cir.1985). However, if he has probable cause to justify a warrantless seizure of an automobile, then he may conduct an immediate search of the vehicle or impound the vehicle and conduct a search at the police station.
 
 
 12
 Given the scope of the initial intrusion caused by a seizure of an automobile ... the Court rejected an inflexible rule that would force police officers in every case either to post guard at the vehicle while a warrant is obtained or to tow the vehicle itself to the station.
 
 
 13
 United States v. Ross, 456 U.S. 798, 809 n. 9 (1981). The Supreme Court has "refused to adopt a rule that would permit a warrantless seizure but prohibit a warrantless search." Id., citing Chambers v. Maroney, 399 U.S. 42, 52 (1970). The search of Baker's automobile was therefore proper; no warrant was required for the search at the police lot.
 
 
 14
 We reject Baker's contention that we must accept the belief of the officer on the scene that he did not have probable cause. An officer's subjective belief is not a conclusive indicator of whether probable cause existed. United States v. Moses, 796 F.2d 281, 284-85 (9th Cir.1986) (independent scrutiny of the record can establish probable cause regardless of the arresting officer's belief). Also see Florida v. Royer, 460 U.S. 491, 507 (1983) ("[t]he fact that the officers did not believe there was probable cause and proceeded on a consensual ... rationale would not foreclose the state from justifying [the defendant's] custody by proving probable cause and hence removing any barrier to relying on [the] consent to search").
 
 
 15
 Because we conclude that the search of the vehicle was supported by probable cause, we need not decide whether Baker's consent to that search was voluntary.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because we find the seizure issue dispositive, we do not repeat the factual background on the consent issue
 
 
 [2]
 Baker does not dispute that the police had probable cause to arrest him